UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, *et al.* )<br>)<br>Defendants. )<br>_____ ) | Civil Case No. 1:22-cv-2325-RCL |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY/MODIFY
ORDER  TO FILE *VAUGHN* INDEX AND DISPOSITIVE MOTION WITHIN 30 DAYS**

Plaintiff, Functional Government Initiative ("FGI"), in response to Defendants' Motion to Stay/Modify Order to File *Vaughn* Index and Dispositive Motion Within 30 days (Motion), respectfully requests that the Court deny the Motion because: 1. Defendants have not shown that they cannot comply with the Court's Order as it pertains to IRS, and 2. Defendants' request that the next joint status report be filed within 75 days will result in unnecessary delay and reward Defendants' conduct that has already caused considerable delay in compliance with  their obligations under the Freedom of Information Act.

I.   PROCEDURAL HISTORY

On February 4, 2022, Plaintiff submitted requests for information to Defendants, the Internal Revenue Service ("IRS") and the United States Department of the Treasury ("Treasury") pursuant to the Freedom of Information Act ("FOIA").  5 USC § 502.  Dkt. #1 (Complaint at ¶

1

8). In summary, Plaintiff's requests sought from each Defendant all records from January 20, 2021, to the date each Defendant conducted the search meeting the following criteria:

1. Any economic analysis, revenue projections, or other analyses of the proposal to require financial institutions to report transactions of $600 or more to the IRS.

2. Any records, including calendar items, emails, background memos, and related records, related to material provided to Secretary Yellen in preparation for media interviews about the proposal to set a new threshold for financial institutions to report transactions to the IRS, including the interview with CBS News released on October 12, 2021.

3. Any economic analysis, revenue projections, or other analyses related to the revised proposal setting the threshold to $10,000 in total, as announced by the Treasury Department.
4. Any economic analysis, revenue projections, or other analyses related to the IRS's proposal for additional funding for more IRS agents.

*Id*. ¶¶ 8, 14.  It is undisputed that Defendant Treasury did not make a determination or produce any documents in response to FGI's request within the time limits required by FOIA. *Id*. at ¶¶ 26, 28 and Dkt. #4 (Answer) at ¶¶ 26, 28.

By contrast, Defendant IRS issued a Final Response to Plaintiff's FOIA request stating, without elaboration, that "A search was conducted, and no records were located in response to your request. This constitutes a no records response." *See* Complaint at ¶ 10.  Plaintiff filed an administrative appeal of IRS's no records response, in which it expressed its incredulity at IRS's determination:

> One of the issues for which records were requested is the proposal for $80 billion in additional funding for the IRS. It is standard practice for components of a federal department to review budget requests before publicly announced and proposed to Congress. The request was described in a Treasury press release as "a sustained, multiyear commitment to rebuilding the IRS, including nearly $80 billion in additional resources over the next decade." If there are no records responsive to this request, the IRS is essentially saying that its staff did not review anything related to the requested budget increase. A "no records" response means that no one had meetings about this funding proposal, no one at


> Treasury asked the IRS what it would do with $80 billion more in funding, no one in Congress asked the IRS about it, no one at the IRS reacted to it after it was released by the Treasury Department, no one at the IRS emailed fellow IRS officials about it, and so on. Also, the request covers records related to the now-discarded $600 reporting threshold proposal and the proposal to change that to $10,000. Again, it is difficult to believe that no one at the nation's tax collection agency communicated about a controversial and well-covered tax enforcement proposal that the IRS as the nation's tax agency would be responsible for implementing were it enacted. A "no records" response means no one at the IRS communicated about this proposal or reacted to it after it was released. All those possibilities are difficult to believe, and a more feasible explanation is that a more thorough should be conducted.

*See id*. at ¶ 12.  IRS also denied FGI's administrative appeal claiming, again without elaboration, "An adequate search was conducted for the requested items, but no records were located in response to your request." *See id* at ¶ 13.

Having exhausted its administrative remedies, FGI was obliged either to file suit to enforce its rights under FOIA or forego records it was virtually certain existed but were being wrongfully withheld by IRS.  Accordingly, FGI filed suit on August 5, 2022, alleging that "By failing to conduct a reasonable search for and produce all responsive, non-exempt records, IRS is wrongfully withholding agency records subject to release under FOIA." *Id*. at  ¶ 34.  In response to the Complaint, Defendants requested, and FGI did not oppose, a 30-day extension of time so that Defendant could "obtain all information and files necessary to investigate and thereafter answer or otherwise plead in response to the Complaint."  Dkt. #3 ("Unopposed Motion To Extend Deadline to Answer or Otherwise Respond to the Complaint.")  On October 11, 2022, Defendants filed their Answer denying that IRS had failed to conduct a reasonable search for records responsive to Plaintiff's FOIA request or that IRS was withholding responsive records. *See* Complaint at ¶ 34, Answer at ¶ 34.  On October 20, this Court entered an Order requiring Defendants to file a *Vaughn* index with a supporting dispositive motion within 30 days. Dkt. #5 (Order).

## II.    ARGUMENT

### A.    Defendants Have Not Shown That IRS Cannot Comply The Order

Defendants contend that they cannot comply with the Court's Order because, at this juncture, they cannot satisfy their burden of showing that IRS conducted a reasonable search and that any withholdings were reasonable.  Motion at 4.[1]  However, IRS has indicated three times, including in its Answer, that it conducted a reasonable search and located no potentially responsive records.  Given these consistent statements, it is unclear why IRS cannot comply with the Court's order by submitting declaration(s) establishing that a reasonable search was conducted and did not locate any responsive records.  Indeed, this is the very issue decided by IRS's office of appeals in denying Plaintiff's administrative appeal and, as such, the record relied upon by IRS in issuing that denial should already be available to IRS for use in this Court.  While Plaintiff is not eager to have this count of its Complaint dismissed, it also does not wish to expend its (or the Court's) time and resources on the matter if  IRS can demonstrate in a dispositive motion that it conducted a reasonable search, and no records exist – something that Plaintiff continues to doubt.

Defendant argues in its Motion that post-complaint searches can cure any fault in pre-litigation administrative searches, citing *People for the Ethical Treatment of Animals ("PETA"), v. Bureau of Indian Affairs*, 800 F.Supp. 2d. 173, 177, 179-80 (D.D.C. 2011). Motion at 4. This contention misses the mark.  The question is not whether IRS can cure it's no records response.  Rather, the issue is whether IRS maintains its no records response (as it did twice at the administrative level and in its Answer) while simultaneously claiming that it is unable to comply

---

[1]Of course, if IRS demonstrates that it has conducted a reasonable search and has located no responsive records, it need not go onto make as showing that its decisions about withholding records were reasonable.

4

with the Court's Order to file a dispositive motion within the time provided.  Defendants' Motion does not squarely resolve the issue.  The closest Defendants come to an acknowledgement that IRS has records potentially responsive to Plaintiff's request, is their statement that Defendants' post-complaint searches "in the aggregate" have discovered potentially responsive records. Motion at 5.  This statement does not confirm or deny that IRS has any responsive records or abandoned its no records response.  Neither *PETA* nor the other cases cited by Defendant address the situation here, where the Government has repeatedly maintained that it has conducted a reasonable search, has no potentially responsive records, but also claims that it is unable to file a dispositive motion on the issue in response to a Court order.

Having imposed on Plaintiff the time and expense of an administrative appeal followed by a case in this Court, IRS should acknowledge on the record that it has information potentially responsive to FGI's request.  Failing that, Defendant should file a dispositive motion as ordered by the Court.

### B. Defendant's Request That The Parties Be Ordered To File A Joint Status Report In 75 Days Will Continue To Needlessly Delay This Matter

Regardless of whether Treasury alone or both Treasury and IRS have information potentially responsive to Plaintiff's FOIA requests, granting Defendants' Motion for 75 days to determine how to proceed would produce unnecessary delay and reward Defendants' dilatory conduct.  Plaintiff's FOIA requests are quite similar, and Defendants on their own, or the parties jointly, should be able to determine readily whether a refinement of the search is appropriate and whether a mutually satisfactory search can be developed.  Indeed, Plaintiff was prepared at the

agency level to discuss accommodations to allow the requests to be resolved by agreement of the parties without need for litigation and stands ready to do so in this Court.

Under any scenario, however, an additional delay of 75 days would result in Plaintiff's requests having been pending for more than a year due to IRS's denial that it has any potentially responsive records and Treasury's refusal to answer the question of whether it has potentially responsive records within the deadlines imposed by FOIA.  Defendant's request that a joint status report be filed in 75 days, when this matter has already been considerably delayed by Defendants' actions, should be denied.

**CONCLUSION**

Defendant IRS twice denied at the administrative level that it has records responsive to Plaintiff's FOIA request. IRS maintained that denial in its Answer, and its instant Motion does not squarely acknowledge that those denials were incorrect or that IRS has located potentially responsive records.  In these circumstances, IRS should seemingly be able to respond to the Court's Order and file a dispositive motion.  Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Motion as it pertains to IRS unless IRS acknowledges in its Reply Brief that potentially responsive records have been located.

If IRS does not acknowledge that it has located potentially responsive records, Plaintiff further requests that the Court order Defendant Treasury and Plaintiff to confer and provide a joint status report within 30 days (not 75 days), advising the Court as to their progress in the search and a schedule for Defendant's production of responsive, non-exempt documents.

If IRS acknowledges that it has located potentially responsive records, Plaintiff respectfully requests that the Court order all parties to confer and provide a joint status report

within 30 days (not 75 days), advising the Court as to their progress in the search and a schedule for the production of responsive, non-exempt documents by Defendants.

Dated: November 14, 2022                          Respectfully submitted,

FUNCTIONAL GOVERNMENT INITIATIVE
By counsel:

/s/ Richard W. Goeken
D.D.C. Bar # 441217
LUMEN LAW FIRM
1802 Vernon Street, Suite 2040
Washington, D.C. 20009
(202) 931-6020

Counsel for the Plaintiff